## Black Mountain Corporation v. Black.

(Decided May 20, 1927.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—Evidence held sufficient to sustain Workmen's Compensation Board's finding that embolus, which immediately produced employee's death, was proximate result of fracture of leg.
2. Appeal and Error.—Failure of compensation claimant's attorney properly to frame hyphothetical question to physician as to proximate cause of employee's death held not prejudicial to employer, where question did not submit fact that employee, whose death was immediately caused by embolus, was stricken with pleurisy, pneumonia, etc., shortly after being carried to hospital with fractured leg.
3. Master and Servant.—Workmen's Compensation Board should have been made party to employer's appeal from judgment affirming award of compensation for death of employee.

LEE & SNYDER for appellant.

LYTTLE & MORGAN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Walter Black, now deceased, was a colored man about 32 years of age and strong and healthy. He was employed by appellant and plaintiff below, Black Mountain Corporation, as a worker in its coal mines, and both

employer and employee were operating under the Workmen's Compensation Act (Ky. Stats., sections 4880-4987). On March 20, 1925, he sustained an injury that arose out of and in the course of his employment and which resulted in fracturing the bone in his left leg between the knee and hip joint, known as the femur. He was immediately carried to a hospital, where the injuries were dressed and the bone set. A few days thereafter, to use the language of his attending physician, "He had a cough that developed into influenza and was complicated by pneumonia and pleurisy." The physician also said "he had fever, and coughed up pus and blood; had pain in his side and in the lung;" and that the pus was "from infection in the lungs and tubes." Those ailments seemed to surrender to treatment and by the 9th day of April the patient appeared to be making strides toward recovery from both the injury and its followed complications. On that day, however, Black was suddenly seized with some kind of spasm and died within a short while, and it is in evidence, and is conceded by all parties to this litigation, that the immediate cause of the spasm, and his consequent death, was what is called an embolus, which the physicians defined as "a clot in the artery; a foreign blood float in the blood or fat or air, known or to be and found in the circulation."

Black's widow, the appellee, Julia Black, applied to the Workmen's Compensation Board for an award, based upon the ground that her husband's death was the proximate result of his accidental injury, and a single member of the board allowed her full compensation as prescribed in the statutes. A review of that award by the full board resulted in the same finding; whereupon appellant petitioned the Harlan circuit court for a review upon several alleged grounds, chief among which was that there was *no* evidence authorizing the board to find as a fact that Black's death was the result of his injuries. A hearing in that court resulted in a judgment affirming the award, and, complaining thereof, plaintiff prosecutes this appeal.

The only question that we conceive of sufficient materiality to merit our consideration is the one relating to the insufficiency of the evidence to sustain the award. The attending physician who testified for the employer stated generally that he did not think the fracture "had anything to do with his death; absolutely nothing."

He was then asked what would produce an embolus, and he answered:-

> "The diseases that cause embolus in the circulation in the blood vessel is typhoid fever, pneumonia, pleurisy, tuberculosis, tonsilitis, and several other infectious diseases. It might be a product formed in the blood vessel or fat or air, known or to be found in the circulation."

It was also testified by other physicians that intoxicating liquors and syphilis would also cause or produce the circulation of an embolus. The same attending physician testified that the deceased had a chill, followed by pneumonia and pleurisy, with fever and headache, but he was quite positive that the fracture had nothing to do with producing those ailments. Other professional testimony in the case, however, was to the effect that the character of injury sustained by Black would produce a shock and his consequent confinement in bed would be reasonably calculated to produce the conditions which followed, and which were testified to by the attending physician, i. e., pneumonia, pleurisy, cough, fever, etc. It was also testified by professional witnesses that an embolus was reasonably calculated to follow and be produced by such ailments. So that the board had before it testimony authorizing a finding that the fracture, with the following conditions incident to its treatment, would be reasonably calculated to produce such an afflicted condition of the system, as, in turn, would be followed by embolus. In other words, the testimony was sufficient to produce the conviction in the minds of the members of the board who were the triers of the fact that the embolus, which immediately produced the death, followed the injury in a natural or probable sequence, and was therefore the proximate result of it. We are therefore unable to follow the argument of counsel in support of their contention that there was no evidence to sustain the board's finding on the issue now under consideration. On the contrary, as we read the testimony, the most that could be said is that there was a contrariety of professional testimony on that issue. Quite an eminent physician who testified for appellee gave it as his opinion that the embolus in this case was directly traceable to the injury itself without being superinduced by the natural consequence of the followed pneumonia, pleurisy, etc.

A similar question was involved in the case of B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50, and we held that the board's finding was supported by, at least, some evidence, and should not be disturbed by the courts. The undisputed testimony on this hearing was that the deceased was an exceptionally healthy man, and he was not shown to have ever been afflicted with any disease or was environed by any condition calculated to produce an embolus. He was not shown to have ever been a syphilitic, nor that he was addicted to the use of intoxicating liquors, or that he was otherwise a probable subject of attack by an embolus. It is therefore difficult to read this record, without coinciding with the conclusions of the board and the circuit court to the effect that the embolus in this case was directly traceable to the injury, as assisted by the intervening pneumonia and pleurisy, which in turn were, most probably, the direct result of the injury.

It is insisted, however, that the physician witness for appellee was asked an improper hypothetical question, in that it did not conform to the restrictions for the framing of such a question laid down in the case of Kentucky Traction & Terminal Co. v. Humphrey, 168 Ky. 611, 182 S. W. 854. But the failure of the propounder of that question to frame it according to the directions contained in that case operated more to the detriment of his client and more in favor of her adversary than otherwise, in that the question did not submit to the witness the fact that the employee was stricken with pleurisy and pneumonia, etc., within a few days after he was carried to the hospital. We cannot therefore see how the complained of error, if one, could possibly operate to the prejudice of appellant.

Before closing the opinion we deem it proper to call attention to the fact that the Compensation Board was not made a party to this appeal; but we will not attempt to determine the effect on the appeal because of such failure, since the judgment is to be affirmed. It is sufficient to say that it should have been made a party to the appeal. See Workmen's Compensation Board v. Abbott, 212 Ky 123, 278 S. W. 533, 47 A. L. R. 789.

Finding no error in the judgment, it is affirmed.